IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK J. ANDERSON,

    Petitioner,

vs.                                                  Case No. 17–cv–0331–DRH

KAREN JAMIET,

    Respondent.

## MEMORANDUM AND ORDER

**HERDON, District Judge:**

    Petitioner Mark J. Anderson is in the custody of the Illinois Department of Corrections, housed at Pickneyville Correctional Center. Petitioner brings this action pursuant to 28 U.S.C. § 2254. (Doc. 1). A jury found petitioner guilty of 2 counts of predatory criminal sexual assault and 1 count of aggravated sexual abuse. (Doc. 1, p. 1). Petitioner was sentenced to 2 terms of 10 years' imprisonment on the predatory criminal sexual assault charges, and a term of 3 years' imprisonment on the aggravated sexual abuse charge, all to run consecutively for a total of 23 years. *Id.* Petitioner alleges that his state court proceedings were impermissibly tainted by 1) inadmissible hearsay statements; 2) the introduction of petitioner's illegally obtained confession; 3) lack of corroborating evidence; 4) lack of DNA testing; and 5) ineffective assistance of counsel. (Doc. 1, pp. 8-12). Petitioner also alleges that he is actually innocent. (Doc. 1, p. 11).

1

## The Petition

Petitioner was adjudged guilty on June 30, 2003. (Doc. 1, p. 1). He was sentenced on December 12, 2003. *Id.* Petitioner appealed; his conviction was affirmed and the Illinois Supreme Court rejected his petition for leave to appeal on August 8, 2011. (Doc. 1, p. 3). The Supreme Court denied certiorari on June 4, 2012. *Id.* Petitioner also filed a post-conviction petition on April 26, 2006. *Id.* That petition was denied on February 15, 2008. (Doc. 1, p. 4). Petitioner filed a request for DNA testing, which was denied on July 18, 2012. *Id.* He filed another petition for post-conviction relief on December 11, 2012. (Doc. 1, p. 5). That petition was initially denied. *Id.* The Illinois Supreme Court denied a PLA on that petition on March 30, 2016. (Doc. 1, p. 6).

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The petition suggests that petitioner has been diligently pursuing his state court remedies since the time of his conviction and sentencing. It further raises several grounds of error in the state court proceedings. The state court record is not available to the Court at present. At this stage, the Court cannot conclude that

2

dismissal is appropriate. Further review of the petition is necessary. Respondent will be ordered to answer the petition or otherwise file a responsive pleading.

This Order shall not be construed as an opinion on the merits of the petition. In addition, the Order does not preclude the state from making whatever argument it wishes to present, be it waiver, exhaustion, forfeiture, timeliness, etc. Though it appears as though petitioner pursued many avenues of relief at the state level, it is not abundantly clear at this juncture whether he raised all of the claims he now brings in those prior proceedings. A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to rise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This means that petitioner must exhaust all means of available relief under state law before pursuing habeas relief, which includes review of his claims through the entire Illinois appellate process, including the state's highest court. There is evidence to suggest he has done so, at least as to some of his claims, but again this is only a preliminary review. A petitioner is required to present every claim included in the federal habeas petition in a petition for discretionary review to a state court of last resort. *O'Sullivan v. Bourke*, 526 U.S. 838, 846-47 (1999).

With that said, a response shall be ordered.

## **Disposition**

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that respondent shall answer the petition within 30 days of the date this Order is entered. This Order to respond does not preclude the state from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: April 25, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.04.25 12:37:23 -05'00'

**United States District Judge**