IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK J. ANDERSON,**

        Petitioner,

vs.                                         Civil No. 17-cv-331-DRH-CJP

**KAREN JAIMET,**

        Respondent.[1]

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Mark J. Anderson was convicted of two counts of predatory criminal sexual assault of a child and one count of aggravated criminal sexual abuse after a jury trial in the Circuit Court of DuPage County, Illinois, in 2003. He was sentenced to consecutive terms of imprisonment totaling twenty-three years. After exhausting state court remedies, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1).

This matter is now before the Court on respondent's Motion to Dismiss, arguing that the petition is time-barred. (Doc. 11). Petitioner responded to the motion at Doc. 14.

**1. Grounds Asserted for Habeas Relief**

As construed on preliminary review, the petition states the following grounds:

---

[1] Warden Jaimet's last name was misspelled as "Jamiet" in the petition. The Court uses the correct spelling as indicated in her motion, Doc. 11.

1. Use of inadmissible hearsay evidence (minor victim's statements made to an investigator) at trial;

2. The introduction of petitioner's illegally obtained confession;

3. Lack of corroborating evidence;

4. Lack of DNA testing;

5. Ineffective assistance of appellate counsel; and

6. Actual innocence.

See, Doc. 3.

2. **Relevant Facts**

In view of the issue raised in respondent's motion, it is not necessary to delve too deeply into the facts underlying petitioner's conviction.

This summary of the fact is taken from the Appellate Court's Rule 23 Order denying Anderson's direct appeal, Doc. Doc. 11, Ex, 2.[2] State court determinations of facts "shall be presumed to be correct" and can only be rebutted by "clear and convincing evidence." 28 U.S.C. §2254(e)(1). Petitioner has not offered any evidence to rebut the state court's determinations of fact.

The victim was petitioner's nine-year-old stepdaughter, A.F. A.F. told her brother, J.F., that petitioner sexually abused her, and J.F. told their mother. The mother contacted the police. Casey Woodham, an investigator with the DuPage County Children's Center, interviewed the victim. A.F. made detailed statements describing petitioner's abuse of her. Petitioner was interviewed by a different

---

[2] For ease of reference, the Court uses the document, exhibit and page numbers assigned by the CM/ECF electronic filing system. Unless otherwise indicated, all exhibits referred to are attached to Doc. 11.

investigator and a detective; during that interview, he confessed to sexually abusing A. F.

About two years later, A.F. was interviewed again. This time, A.F. said that she had been abused by a man named "Robert" whom she had met at a park and who had come to her home five times and abused her. She also said that her brother J.F. had told her to change her story so that Anderson would not go to jail.

At trial, the videotaped confession was played, and Casey Woodham testified about the statements made by A.F. during the first interview. A.F. testified that it was "Rob" and not petitioner who had abused her. A detective testified that he had removed a stained comforter and a carpet sample from the home. A forensic scientist testified that the carpet did not contain blood or semen and that the stain on the comforter tested positive for semen. However, the semen on the comforter did not match petitioner's DNA profile. Petitioner testified that he had never had sexual contact with A.F. and said that he had confessed on videotape in order to get the interview to end. Ex, 2, pp. 1-7.

Petitioner's direct appeal was initially dismissed because his attorney had not filed a proper notice of appeal. After petitioner filed a postconviction petition alleging ineffective assistance of counsel, he was granted leave to file a late notice of appeal. Ex. 2, p. 8. The Appellate Court denied petitioner's direct appeal on May 24, 2011. The Illinois Supreme Court denied his petition for leave to appeal on November 30, 2011. The United States Supreme Court denied *certiorari* on

June 4, 2012. Ex. 2-4.

In May 2012, petitioner filed a motion for DNA testing pursuant to 725 ILCS 5/116-3. The motion was denied, and the Appellate Court affirmed on May 29, 2014. Petitioner's PLA was denied on September 24, 2014. Ex. 5-7.

Petitioner filed a motion for leave to file a successive postconviction petition on November 30, 2012. The trial court denied the petition, but the Appellate Court reversed because this was petitioner's first postconviction petition following his belated direct appeal. The petition was summarily denied, and the Appellate Court affirmed on October 20, 2015. Petitioner's PLA was denied on March 30, 2016. Ex. 8-10.

Petitioner mailed his habeas petition via the prison mail system on March 28, 2017.[3] Doc. 1, p. 15.

2. **Applicable Legal Standards**

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[3] The "mailbox rule" applies to a petition under §2254. *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999); Rule 3(d) of the Rules Governing Section 2254 Cases.

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v, DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005).

## **Analysis**

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when the judgment became final. In a criminal case, the judgment is the sentence; the judgment is final and the one-year period begins to run when both the conviction and sentence have become final upon the conclusion of direct review or the expiration of time for seeking direct review. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007).

Here, Anderson's conviction and sentence became final when the United States Supreme Court denied his petition for a writ of certiorari on June 4, 2012.

Therefore, the one-year period started running on June 5, 2012.

Under 28 U.S.C. §2244(d)(2), the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief. Respondent concedes that the motion for leave to file a state postconviction petition was a "properly filed" application for postconviction relief. Applying the mailbox rule, the postconviction petition was filed on November 30, 2012. That petition served to toll the one-year period during the time it was pending. Doc. 11, p. 6.

Anderson's postconviction PLA was denied on March 30, 2016, and the limitations period began running again. The limitations period was not tolled during the subsequent ninety days during which petitioner could have filed, but did not file, a petition for a writ of *certiorari* in the United States Supreme Court. *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006). This is because "the statute of limitations is tolled only while state courts review the application." *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

The one-year period began to run again on March 31, 2016. The federal habeas petition was filed on March 28, 2017, almost a full year later. If all of the previous time had been tolled, the petition would have been timely. However, 178 days of the one-year period had elapsed between the day on which the conviction and sentence became final and the day on which the state postconviction petition was filed. The habeas petition was therefore untimely.

Petitioner believed that his motion for forensic testing served to toll the one-

year period. See, Doc. 1, p. 7. That is incorrect. A motion for forensic testing under 725 ILCS 5/116-3 "is not a collateral review of the underlying judgment and therefore does not toll the statute of limitations for bringing a federal habeas corpus petition under 28 U.S.C. § 2254." *Price v. Pierce*, 617 F.3d 947, 952 (7th Cir. 2010).

In his response to the motion, petitioner argues that equitable tolling should be applied here. He says that the one-year period should be tolled because access to the prison law library is limited and he was incorrectly advised by a prison law clerk that his motion for forensic testing would serve to toll the one-year period.

The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010). A petitioner's lack of legal knowledge or mistake as to the due date are not extraordinary circumstances justifying equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). And, most, if not all, prisoners face limitations in library access; that circumstance is not extraordinary and does not justify tolling. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). In any event, limited library access did not prevent Anderson from preparing his habeas petition on time. He admits that he had the petition ready to go before the one-year period actually ended, but he waited until what he believed was the filing deadline because he knew he would be limited to only one habeas petition and wanted to make sure that he did not file prematurely. See, Doc. 14, pp. 2-3.

Lastly, Anderson argues that he meets the fundamental miscarriage of justice standard of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

*McQuiggin* holds that "a credible showing of actual innocence" may overcome the bar of the one-year statute of limitations for filing a habeas petition under 28 U.S.C. §2254. *McQuiggin,* 133 S. Ct. at 1931. The Supreme Court reaffirmed the *Schlup* standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the *Schlup* standard as "demanding" and "seldom met." *McQuiggin*, 133 S. Ct. at 1928.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 115 S. Ct. 851, 865 (1995). The *Schlup* standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell,* 126 S. Ct. 2064, 2077 (2006).

Here, petitioner has not come forward with any new evidence at all. Rather, he argues that if either the victim's out of court statements or his confession were excluded, no reasonable jury would have convicted him. He also argues that DNA

testing of the material on the comforter might lead to information that would identify "Rob." These arguments fall far short of meeting the demanding *Schlup* standard.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, it is clear that Anderson's petition is time-barred and he has not advanced a credible claim of actual innocence within the meaning of *McQuiggin* and *Schlup*. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

### Conclusion

Respondent's Motion to Dismiss (Doc. 11) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

*David R Herndon*

Judge Herndon
2017.11.29
16:54:36 -06'00'

**United States District Judge**

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.